UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP E. KAY, et al.,

    Plaintiffs,

    v.

THE STATE BAR OF CALIFORNIA, et al.,

    Defendants.
_____/

No. C 09-1135 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

    Plaintiffs seek an order enjoining the State Bar of California from proceeding with pending disciplinary proceedings against two of the plaintiffs in the above-entitled action – California attorneys Phillip E. Kay and John W. Dalton. The court declines to enjoin the pending State Bar proceedings on the basis of the abstention principles in Younger v. Harris, 401 U.S. 37 (1971).

    Under Younger, a federal court must abstain from exercising its jurisdiction where (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

    In Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). the Supreme Court noted that Younger requires abstention where there is an ongoing state bar proceeding that overlaps with a federal case. Id. at 434. The Ninth Circuit has

repeatedly held that <u>Younger</u> abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar of California. <u>See</u>, <u>e.g.</u>, <u>Canatella v. California</u>, 404 F.3d 1106, 1110 (9th Cir. 2005); <u>Hirsch v. Justices of Supreme Court of State of Cal.</u>, 67 F.3d 708, 712 (9th Cir. 1995).

    Here, there is no question that the State Bar disciplinary proceedings were initiated by the State of California. Moreover, the proceedings implicate important state interests. <u>See</u> <u>Middlesex</u>, 457 U.S. at 434. While the California Constitution precludes the State Bar Court from considering federal constitutional claims, such claims may be raised in judicial review of the Bar Court's decision. Thus, the State Bar's procedures are fully consistent with federal due process. <u>Hirsch</u>, 67 F.3d at 713; <u>see also</u> <u>Canatella</u>, 404 F.3d at 1110. Finally, the relief plaintiffs seek <u>is</u> an order enjoining the State Bar proceedings. Accordingly, the court declines to exercise its jurisdiction, and plaintiffs' application for a temporary restraining order is DENIED. For the same reason, the request for an order to show cause re preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: March 25, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge