UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP E. KAY, et al.,

    Plaintiff,

    v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.

_____/

No. C 09-1135 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is defendants' motion to dismiss the above-entitled action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

Plaintiffs Philip E. Kay ("Kay") and John W. Dalton ("Dalton") are the subjects of an on-going California State Bar disciplinary proceeding. Plaintiffs Lindsay Marcisz, Blair Pollastrini, and Jessica Pollastrini ("the plaintiff clients") are parties in a civil action in the Superior Court of California, County of San Diego, in which they have been represented by Kay and Dalton.

Defendants are the State Bar of California; the Board of Governors of the State Bar of California; Holly Fujie, in her official capacity as president of the State Bar of California; Lucy Armendariz, in her official capacity as the State Bar Court judge assigned to preside over the disciplinary proceedings pending against Kay and Dalton; Scott J. Drexel,

individually and in his official capacity as Chief Trial Counsel of the State Bar's Office of Chief Trial Counsel; and Allen Blumenthal and Jeff Dal Cerro, individually and in their official capacities as Deputy Trial Counsel of the State Bar's Office of Chief Trial Counsel.

In the complaint, filed March 16, 2009, plaintiffs allege that the pending State Bar disciplinary proceedings are unconstitutional. Kay and Dalton assert that the State Bar is wrongfully attempting to deprive them of their respective law practices on the basis of selective prosecution. The plaintiff clients claim that they will be denied the counsel of their choice if/when Kay and Dalton are found to have committed attorney misconduct; if/when the discipline recommendation places them on inactive status; and if/when an unscheduled damages retrial in their civil case occurs either too close in time to Kay's and Dalton's disciplinary proceeding, or within the theoretical inactive status imposed as part of an eventual discipline recommendation.

Plaintiffs assert four causes of action under 42 U.S.C. § 1983. Kay and Dalton allege Fourteenth Amendment claims of violation of procedural due process and equal protection rights, and a First Amendment claim of violation of free speech rights, against all defendants. All five plaintiffs assert a claim of substantive due process, under the Fourteenth Amendment, against all defendants. In addition, all plaintiffs assert a cause of action for injunctive and declaratory relief, seeking an order prohibiting the State Bar from pursuing the pending disciplinary proceedings.

Defendants now seek an order dismissing the claims against the State Bar and its Board of Governors on grounds of Eleventh Amendment immunity, and also argue that the court should abstain from hearing this case pursuant to Younger v. Harris, 401 U.S. 37 (1971), and that the action should be dismissed on that basis.

**DISCUSSION**

A.  Eleventh Amendment Immunity

Defendants' first argument is that the Eleventh Amendment bars the suit against The State Bar and its Board of Governors. Plaintiffs respond that the Eleventh Amendment does not bar this suit, as they seek injunctive relief, not monetary damages.

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). This Eleventh Amendment immunity also extends to suits against a state agency, including the State Bar of California and its Board of Governors. See Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708, 715 (9th Cir. 1995).

Relying in part on the Eleventh Amendment immunity discussed above, the Supreme Court also has held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state); see also Kentucky v. Graham, 473 U.S. 159, 165-68 (1985) (official capacity suits are suits against entity that individual represents).

Neither a state nor its officials acting in their official capacities therefore may be sued under § 1983. See Will, 491 U.S. at 71; Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). Similarly, state agencies are protected from suit under § 1983. See Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). The Supreme Court has noted one exception: a state official may be sued in his official capacity under § 1983 for prospective injunctive relief from unconstitutional state action. See Will, 491 U.S. at 71 n.10 (recognizing Ex parte Young exception[1]); Wolfe, 392 F.3d at 364-65 (same).

Here, only defendants State Bar of California and its Board of Governors seek dismissal based on Eleventh Amendment immunity. It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment

---

[1] In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court held that a suit against a state official seeking prospective injunctive relief from unconstitutional state action is not a suit against the state, even if the state is the real party in interest. Id. at 159-60; see also Graham, 473 U.S. at 167 n.14. This principle generally is referred to as the "Ex parte Young exception" and is limited to prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. See Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997).

purposes. Hirsh, 67 F.3d at 715; Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985). Because the Eleventh Amendment confers immunity on state agencies from suits for injunctive relief brought in federal court, see Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009), the court finds that the motion must be GRANTED.

B.  Younger Abstention

Defendants argue that the court should abstain from exercising jurisdiction over this case under the principles of Younger v. Harris. The United States Supreme Court has ruled that Younger requires abstention where there is an ongoing state bar proceeding that overlaps with a federal case. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434 (1982). The Ninth Circuit has repeatedly held that Younger abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar of California. See, e.g., Canatella v. California, 404 F.3d 1106, 1110 (9th Cir. 2005); Hirsh, 67 F.3d at 712.

Absent "extraordinary circumstances," a federal court must abstain from exercising its jurisdiction where (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. Middlesex, 457 U.S. at 432; see also San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Defendants assert that all the Younger factors are present in this case, and that there are no extraordinary circumstances present in the case.

In response, plaintiffs argue that abstention under Younger is not appropriate in this case, for two reasons. First, they assert that they will not have an adequate opportunity to litigate their federal constitutional issues in the pending State Bar proceedings. Second, they contend that the evidence they present shows bad faith or harassment or other extraordinary circumstances, constituting an exception to Younger abstention. They also

4

1 request leave to amend, in the event the court grants defendants' motion.

2 Here, there is no dispute that the State Bar disciplinary proceedings were initiated by the State of California. California's attorney discipline proceedings are "judicial in character" for purposes of Younger abstention. Hirsh, 67 F.3d at 712. Such proceedings "commenced" on June 11, 2008, the date that the State Bar issued the notice of disciplinary charges against Kay and Dalton. See Canatella v. California, 304 F.3d 843, 851 (9th Cir. 2002); Hirsh, 67 F.3d at 711-12. They were still ongoing on March 9, 2009, the date plaintiffs filed the present action, and the relief plaintiffs seek is an order enjoining the proceedings. Moreover, the proceedings implicate important state interests. See Middlesex, 457 U.S. at 434 (each state has "an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses).

Plaintiffs assert, however, that one of the requirements for Younger abstention is not met. Specifically, they assert that they will not have the opportunity to address their constitutional claims in the State Bar proceedings. While the California Constitution precludes the State Bar Court from considering federal constitutional claims, such claims may be raised in judicial review of the Bar Court's decision. Thus, the State Bar's procedures are fully consistent with federal due process. Hirsh, 67 F.3d at 713; see also Canatella, 404 F.3d at 1110.

Plaintiffs concede that judicial review will be available at the conclusion of the State Bar proceedings. They claim, however, that such review "falls short," because "bias exists on the part of the Bar Court," and that the evidence they present establishes the bias of various judges, trial counsel, and State Bar prosecutors connected with the present, ongoing disciplinary proceedings.

An exception to the general rule of Younger abstention exists if there is a "showing of bad faith, harassment, or some other circumstance that would make abstention inappropriate." San Jose, 546 F.3d at 1092 (quotation and citation omitted). Here, plaintiffs assert that defendants have a personal animus against Kay and Dalton, suggesting that the sole motivation for initiating the disciplinary proceedings was

5

1  defendants' desire to harass and retaliate against Kay and Dalton.

2  Plaintiffs argue that defendants' bad faith is shown by the State Bar Court's refusal
3  to allow Kay and Dalton to have the trial proceedings transcribed by a court reporter.  In
4  addition, they assert that numerous rulings or statements made by Judge Armendariz
5  during the course of the trial proceedings evince bad faith – the alleged "direct threats"
6  made after Kay refused to respond to questions on the ground that the information sought
7  was privileged, where the assertions of privilege had been overruled; the exclusion of
8  certain witnesses and inclusion of others; the denial of Kay's and/or Dalton's right to full
9  cross-examination and discovery of exculpatory evidence; the overruling of certain
10 objections made by Kay and/or Dalton during the course of the trial proceedings; and
11 various rulings made regarding requests for judicial notice and admission of evidence.

12 Under Younger, "federal courts may not, where circumstances dictate, exercise
13 jurisdiction when doing so would interfere with state judicial proceedings." Canatella, 304
14 F.3d at 850; see also Hirsh, 67 F.3d at 712 ("Younger and its progeny generally direct
15 federal courts to abstain from granting injunctive or declaratory relief that would interfere
16 with pending state judicial proceedings").

17 Here, apart from the assertion that the disciplinary proceedings were improper from
18 the outset because they were instituted against Kay and Dalton in retaliation for their
19 vigorous representation of their clients in various cases, plaintiffs' complaints appear to be
20 solely directed at the rulings of Judge Armendariz, who is presently presiding over the trial
21 proceedings in the State Bar Court.  The court cannot imagine a case that more clearly
22 seeks to "interfere with pending state judicial proceedings."

23 Moreover, while "abstention is inappropriate in the 'extraordinary circumstance' that
24 the state tribunal is incompetent by reason of bias," the individual who alleges bias "must
25 overcome a presumption of honesty and integrity in those serving as adjudicators." Hirsh,
26 67 F.3d at 713.  Thus, in the present case, plaintiffs are required to offer "actual evidence"
27 to overcome that presumption.  See Canatella, 404 F.3d at 1112.  However, plaintiffs offer
28 no evidence to support their speculation that the rulings they disagree with were motivated

solely by bias, and the court finds that plaintiffs have failed to meet their burden of showing extraordinary circumstances.

**CONCLUSION**

In accordance with the foregoing, the court finds that defendants State Bar of California and the State Bar Board of Governors are immune from suit under the Eleventh Amendment, and further, that Younger abstention is proper in this case. Younger abstention "requires dismissal of the federal action." Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988); see also Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004) ("[w]hen an injunction is sought, and Younger applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, permanently by dismissing the federal action because the federal court is only being asked to stop the state proceeding"). Accordingly, the action is DISMISSED. As plaintiffs have given no indication as to how they would amend the complaint to eliminate the necessity for dismissal, the request for leave to amend is DENIED.

The date for the hearing on the motion, previously set for June 3, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: May 21, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge